22 C. C. P. A. (Patents)

## In re FITZGERALD.

### Patent Appeal No. 3470.

Court of Customs and Patent Appeals.
April 8, 1935.

Sturtevant & Mason, of Washington, D. C. (Eugene G. Mason and Herbert H. Porter, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The alleged invention involved in this appeal relates to an electrical juice extractor and mixer, used in the preparation of foods in the kitchen. Applicant states that it may also be used as a grinder or buffeter.

The machine comprises a base upon which is an upstanding post. Adjustably fastened to the post is an electric motor assembly, at one end of which is provision for attaching suitable tools for performing the functions aforesaid. Since it is desirable to have the motor above the food to be mixed, and below the fruits from which the juice is to be extracted, the construction permits of the motor being removed from the post and its position reversed. If the juice from fruit is to be extracted, a cup-shaped member containing a revolving conical-shaped extraction part and a drainage spout is attached to the tool end of the motor when that end is positioned upwardly. When the motor is reversed on the post and the tool end is positioned downwardly, the extractor is removed and laid aside. Other tools may be attached to the motor and they perform their work in a vertical position. The motor assembly has a handle which is integrally associated with the clamping means on the post. The adjustable means on the post consists of notches into which passes an adjustable spring ratchet. Around the post, near the bottom, is an adjustably positioned ring which serves to stop the downward movement of the motor and tool.

The Primary Examiner of the United States Patent Office allowed claim 19 and rejected claims 15, 16, 17, 18, and 20, which rejected claims read as follows:

"15. In an electrical utility device, the combination of a stand, an electric motor with tool engaging means at one end thereof actuated thereby, said motor being adapted to operate with said means in a position in which it is directed substantially vertically upward or a position in which it is directed substantially vertically downward, and releasable connecting means for supporting said motor on said stand with said tool engaging means in either of said positions.

"16. In an electrical utility device, the combination of a stand having a stem portion, an electrical motor having tool engaging means at one end thereof and supported thereon, a support connected to said motor and embracing said stem whereby the motor is reversible end for end, and a clamping device operated to fix said motor and support against movement along said stem when said motor is located on said stem with the tool engaging means located above or below the motor.

"17. In a device of the class described, a motor, a stand having an upright stem, a bracket to which the motor is attached, a handle on the bracket reversible end for end on said stem, with means for adjusting it on said stem, said motor having a gear

casing with gears thereon operated from the motor shaft, a juice extractor supported on said gear casing and operatively connected to the gears in said casing when the motor is set in one position, and mixer members carried by the gear casing and operated by the gears in said casing when the motor is in reversed position on the stem.

"18. In a device of the class described, a stand having a vertical stem, a bracket, a motor supported on said bracket, said bracket having a handle adjustably secured on said stem, and means for supporting the handle on the stem in reverse position whereby in one position the tools operated by the motor extend vertically upward and in the other position vertically downward."

"20. In a device as set forth in Claim 16, a hollow handle on the motor support removably and reversibly attached to the stem with means carried in the handle for adjustably supporting the same on the stem in the position where the tools operated by the motor extend vertically downward, and a stop on the stem for limiting the downward movement of the handle on the stem when the tools operated by the motor extend vertically upward."

The Board of Appeals affirmed the action of the Examiner, and the applicant has appealed here.

Allowed claim 19 was drawn to cover appellant's particular construction of a rotary extractor, and did not cover the combined mixer and extractor.

The references relied upon are: Smith, 842,717, January 29, 1907; Jorgensen, 1,125,-337, January 19, 1915; Brophy, 1,454,918, May 15, 1923; Johnson, 1,783,651, December 2, 1930.

The Examiner held that claims 15 and 16 clearly read on the device of Johnson, and the claims were rejected on that patent. Johnson shows a motor with tool-engaging means reversibly supported on posts. The tool-engaging means could operate either upwardly or downwardly.

Claims 15 and 16 were also held unpatentable over Jorgensen. The Jorgensen patent discloses a mixing apparatus with a spring motor, with an offset sleeve which is adjustably mounted on a post by means of a set screw. The motor carries a mixer. The Examiner and the Board concluded that it did not require invention to substitute an electric motor for Johnson's spring motor, and that any skilled workman, without the exercise of invention, would appreciate that the motor could be reversed and operated for such purposes as were desired.

Claim 18 is drawn to cover the adjustably secured handle on the stem. The tribunals below held that the handle feature of claim 18 did not lend patentability to the claim, since, if it was desired to reverse Johnson's device from a downward to an upward working position, the connection of the device to the post could be designated a handle and could be grasped for the purpose of removal and reversal.

Appellant points out that the handle in Johnson is wholly different in character and use from the handle of applicant's device. While this is true, we do not think that the handle feature of the claim lends patentability to it.

Claim 20 calls for the device described in claim 16, and has additional provision for the hollow handle removably and reversibly attached with means carried in the handle for adjustably supporting the same on the stem and having a stop on the stem for limiting the downward movement of the handle when the tool is operated by the motor extending vertically downward.

With reference to the feature of claim 20 relating to the stop on the post, the tribunals concluded that there was no invention in providing a stop, especially in view of Smith, which the Examiner stated disclosed a stop. We have examined the Smith disclosure, and we find no reference to a stop in the specification or claims. Whether anything is disclosed which fully answers to the ordinary meaning of that term is immaterial, in view of our conclusion. He does show a notch on the post into which a ratchet, operated by a spring, enters so as to adjust the upward and downward motion of the member which slides on the post. The stop called for by the claim of applicant's alleged invention is near the bottom of the post, and is referred to as a fixed stop, and prevents the device from going lower on the post. While we do not think that this particular feature is met precisely by the references, we are in accord with the views of the Board that it did not require invention to provide a stop to prevent the sliding member from going too far down on the post. The claim does not call for any new kind of stop.

Claim 17 recites the features of the device and covers a combination of a juice extractor and a mixer. The Examiner rejected claim 17 on the ground of aggregation, holding that there was no combination be-

tween the juice extractor and the mixer, and stated that, when one was in use, the other was detached and laid aside and that each device performs its own function without any relation to the other. The Examiner further stated that, if it should be held to be a proper combination claim, it was further rejected, for the reason given in rejecting claim 15. The limitation in the claim as to specific tools to be used was not regarded as adding patentability, since Johnson shows it to be old to interchangeably attach various tools to the tool-engaging means of the motor. Johnson makes no mention of attaching a juice extractor. The Examiner pointed out that Brophy shows it to be ordinary to make such elements, including .a juice extractor, readily detachable from an electric motor.

The Froney patent, No. 1,569,472, of January 12, 1926, is found in the record. It is not relied upon by either tribunal of the Patent Office, but was referred to by the applicant during the prosecution of the claims as the only combination mixer and juice extractor of which counsel for applicant had knowledge. Under these circumstances, it will not be necessary for us to consider the Froney patent.

As to claim 17, without passing on the rejection on the ground of aggregation, we agree with the tribunals below that the subject matter defined by the claim is not inventive over the prior art cited.

We conclude that the Board properly rejected the claims for the reasons which it assigned.

The decision of the Board is affirmed.

Affirmed.